**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

COREY JOHNSON
ADC #129730                                                                                          PETITIONER

VS.                                                    5:07CV00020 JTR

LARRY NORRIS, Director,
Arkansas Department of Corrections                                            RESPONDENT

## ORDER

On May 28, 2009, Petitioner filed a Motion requesting an extension of time to file a Notice of Appeal of the Court's May 7, 2009 Memorandum Order and Judgment denying his Petition for a Writ of Habeas Corpus. (Docket entry #51.) Petitioner's request is moot because he simultaneously filed a Notice of Appeal on May 28, 2009. (Docket entry #50.)

Petitioner has also filed a Motion requesting a Certificate of Appealability. (Docket entry #52.) The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that an appeal from the dismissal of a habeas action cannot be taken unless the trial court or the court of appeals grants the prisoner a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1). Furthermore, in *Slack v. McDonnell*, 529 U.S. 473, 484 (2000), the Supreme Court clarified that, when a district court denies a habeas petition on the merits, a COA may be issued only if the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." As to habeas claims that are denied on procedural grounds without reaching the merits, a COA may only issue if the petitioner shows: (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right; and (2) that jurists of

reason would find it debatable whether the district court was correct in its procedural ruling. Finally, if a certificate of appealability is granted, the order must "indicate which specific issue or issues" may be challenged on appeal. 28 U.S.C. § 2253(c)(3).

In this habeas action, Petitioner argued that: (1) his trial counsel was ineffective for failing to subpoena a witness to the suppression hearing; (2) his trial counsel was ineffective in failing to competently cross-examine the police officers who testified at the suppression hearing and trial; (3) his trial counsel was ineffective for failing to competently cross-examine the victim at trial; (4) his trial counsel was ineffective for failing to obtain a ruling on Petitioner's motion for mistrial based on new evidence produced at trial; (5) the trial court erred in denying his Motion to Suppress; and (6) the State did not disclose the existence of a material witness. The Court concluded that Petitioner's first five claims were without merit and that his sixth claim should be dismissed, without prejudice, so that he could attempt to exhaust it in state court.

In support of his request for a COA, Petitioner essentially reargues the merits of all of his habeas claims. Based upon well-established and controlling precedent, the Court concludes that reasonable jurists would *not* find the Court's assessment of his first five constitutional claims to be debatable or wrong. As to the Court's procedural ruling dismissing Petitioner's sixth claim, he has not established in his Motion that jurists of reason would find it debatable whether the Court was correct in making this procedural ruling. Accordingly, the Court will deny Petitioner's Motion for a Certificate of Appealability. If Petitioner wishes to appeal the Court's dismissal of his habeas action, he must obtain a certificate of appealability from the *Eighth Circuit Court of Appeals* pursuant to 28 U.S.C. § 2253(c)(1).

IT IS THEREFORE ORDERED THAT:

1. Petitioner's Motion for Extension of Time to File Notice of Appeal (docket entry #51) is DENIED, AS MOOT.

2. Petitioner's Motion for a Certificate of Appealability (docket entry #52) is DENIED.

Dated this 3rd day of June, 2009.

*/s/ J. Thomas Ray*
UNITED STATES MAGISTRATE JUDGE